UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA LAYNE-WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RECOVERY SOLUTIONS LLC,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.   FCRA, 15 U.S.C. §1681 *et seq*. |

Plaintiff Patricia Layne-Williams ("Plaintiff"), by and through her undersigned attorneys, alleges the following against the Defendant ATLANTIC RECOVERY SOLUTIONS LLC ("Atlantic") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

5. The Plaintiff is a natural person and resident of the State of New York. She is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

6. Defendant transacts business in the Southern District of New York, therefore, jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in New York County, New York.

8. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

9. Defendant Atlantic Recovery Solutions, LLC was and is a domestic limited liability company that did transact and does now presently transact business in the State of New York and has its principal office, located at 33 Dodge Road, Suite 108, Getzville, New York 14068.

10. Defendant is a "person," as defined under 15 U.S.C. 1681a(b).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## ALLEGATIONS

12. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

13. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

14. At no time has Plaintiff owed any debt to Defendant.

15. At no time has Plaintiff had any accounts open with Defendant.

16. At no time has Plaintiff had any personal credit accounts with Defendant.

17. At no time has Plaintiff had any personal business relationship with Defendant.

18. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

19. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

20. On or about July 1, 2021, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Trans Union, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

21. At no time on or prior to July 1, 2021, did Plaintiff consent to Defendant accessing her individual and personal credit report.

22. On or about July 1, 2021, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

23. On or about July 1, 2021, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

24. On or about July 1, 2021, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

25. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

26. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and

personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

27. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

28. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

29. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

30. On or about May July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

31. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and telephone numbers.

32. On or about July 1, 2021, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

33. Plaintiff only recently discovered this illegal access of her consumer report when she reviewed her Trans Union Credit Report dated September 23, 2021.

34. Defendant's FCRA violations were willful. The FCRA's requirements regarding the furnishing and receiving of consumer reports only for an enumerated permissible purposeand the disclosure of a full consumer file in response to a consumer's request are well defined bythe statute and the applicable case law. The Defendant was well aware of these requirements. Thus, their violations of the statute were willful.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT  15 U.S.C. §1681b(f)

35. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

36. Defendant Atlantic violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using the Plaintiff's consumer report without a permissible purpose to do so. Specifically, they impermissibly obtained copies of Plaintiff's credit report from Trans Union on or around July 1, 2021.

37. As a result of Atlantic's conduct, the Plaintiff suffered actual damages including, without limitation, credit damage, violation of privacy, and other emotional and mental distress.

38. Defendant Atlantic's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

39. The Plaintiff is also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patricia Layne-Williams, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

A. Declaratory judgment that Defendant violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. §1681n(a);

C. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

D. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Any relief that this Court deems appropriate.

Dated: January 12, 2022
      New York, New York

                Respectfully submitted,

                **LAW OFFICE OF ABEL L. PIERRE,**
                **ATTORNEY-AT-LAW, P.C.**

                */s/ Abel L. Pierre, Esq.*

                Attorney I.D.#AP-5508
                140 Broadway, 46th Floor
                New York, New York 10005
                Telephone:  (212) 766-3323
                Facsimile:   (212) 766-3322
                Email: abel@apierrelaw.com

                **Attorney for Plaintiff**